Opinion of the court delivered by
Judge Haywood.—
Bowman, the lessor of the plaintiff, sued Cox in the circuit court in ejectment; on the trial of which, exceptions were taken to several parts of the evidence which was given on his part.
First, he gave in evidence a grant from the state of North Carolina, dated 13th October, 1783, endorsed thus: “Recorded in the Register’s Office, liber A, page 22: test, John M’Cracken, C. R.” It is not stated when, or in what county, the registration took place. To all grants there is a condition annexed, that the same shall be re *109 corded within twelve months. This provision is for the benefit of the state, and if not complied with, the state alone can take advantage of the breach; and the grant is good until avoided, and may be given in evidence, though not registered. 1 Tennessee Reports, 276.
The next piece of evidence excepted to, was a deed from the grantee to Massingale, indorsed thus: “ State of Tennessee, Washington County. At a court held for the county of Washington, on the first Monday of November, 1789, the within deed of conveyance from Bradley Gamble to Michael Massingale, was proven in court by the oath of-Stoner. Given under my hand, at office, 27th Nov. 1819. James Levin, Clerk.” The clerk should have given a copy from the minute book verbatim, and not a history of what had taken place; because the court, and not he, must judge of the conclusions which are proper to be made from the naked fact appearing on the record book. Had an exact copy been given, the court should have presumed after such a length of time, at least until the contrary was shewn, that Stoner was a subscribing witness. After so great a length of time elapsed, and when at this day evidence of the due execution might be very difficult to obtain, every reasonable presumption should be made in favour of an old probate.
Where enough is stated by the clerk to show that a witness was sworn, or that the deed was acknowledged by the bargainor, however informally or unscientifically the clerk may have expressed the fact, the legality of the probate or acknowledgment should be inferred; and such old probate should be presumed to have been made in the proper county, until the contrary appears.
The next part of the evidence excepted to, is the deed from Gales to the lessor of the plaintiff, endorsed thus; February Sessions, 1802 — This deed was legally admitted to record.” It is notj said in what county, nor upon what ground; whether because proved by witnesses, or acknowledged by the bargainor, or for some other cause.
Had there been upon the deed, or in the record book *110 of the clerk, any intimation that the witnesses were sworn, or any acknowledgment made, the court would very probably presume, at this distance of time, that the county was the right one, or even without such intimation, had it appeared that ever since the time mentioned in the entry, February 1802, the bargainee had been in possession according to the deed, the court would probably presume that the admission to record was upon some legal ground, either of proof or acknowledgment by the bargainor. The deed having been registered, as here it was, is well understood from seeing no exception on the record for want of registration. But in the absence of any such intimation in the entry, and of any such possession accompanying the deed, the court would go too far, should it presume that the admission to record stated in tbe entry, was because of such proof or acknowledgment. The judgment must be reversed, and the cause remanded to be tried da novo.
Judgment reversed.